# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MARVIN SAVAGE, )
)
Petitioner, )
)
v. ) Case No. CIV 07-241-RAW-KEW
)
MIKE MULLIN, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, is challenging the execution of his sentences in Muskogee County District Court Case No. CRF-92-87 for First Degree Rape, Force and Fear (Counts 1 and 2). He alleges an audit of his records resulted in his loss of 5,632 earned credits, in violation of the terms of his plea agreement. Petitioner claims he was sentenced to life imprisonment for Counts 1 and 2, with all but thirty (30) years suspended. He contends this was a split sentence that entitled him to accumulate earned credits, and he insists that restoration of the credits would entitle him to immediate release.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

> limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The record shows that petitioner's Judgment and Sentence in CRF-92-87 sentenced him to concurrent sentences of "life, with all but 30 years suspended" for Count 1 and Count 2. *See* Docket #10-3. The prison staff incorrectly awarded earned credits to petitioner through December 2005, until the error was discovered on January 10, 2005. He filed a grievance to the warden on February 24, 2005, and the warden denied relief on March 3, 2005, advising that inmates who are serving a life sentence are not eligible to receive credits. Petitioner did not appeal the warden's response to the DOC Director, so he did not exhaust his administrative remedies.

On October 18, 2006, petitioner filed a petition for a writ of habeas corpus in the Muskogee County District Court. The state district court denied relief, finding petitioner's

2

claim was barred, because he had failed to exhaust his administrative remedies. *Savage v. Mullin*, No. WH-2006-1378, slip op. at 1-3 (Muskogee County Dist. Ct. Apr. 23, 2007). The state district court also found that petitioner was advised of the correction in his DOC records on January 10, 2005, so the claim was time barred by the one-year statute of limitations. *Id.*, slip op. at 3 (citing Okla. Stat. tit. 12, § 95.11). The state court further found that a state habeas corpus action was not a proper challenge to petitioner's sentence, and he must comply with the provisions of the Post-Conviction Procedures Act, Okla. Stat. tit. 22, § 1080. *Id.*, slip op. at 3-4.

Petitioner then filed a petition for a writ of habeas corpus in the Oklahoma Court of Criminal Appeals. The appellate court denied relief, finding petitioner had failed to "establish his confinement is unlawful, or that he is entitled to immediate release." *Savage v. Mullin*, No. HC-2007-278, slip op. at 1 (Okla. Crim. App. May 22, 2007).

After careful review, the court finds the factual predicate of petitioner's claim was discovered, at the latest, on March 3, 2005, when the warden denied petitioner's grievance. *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner did not appeal the warden's decision, so he had one year, until March 3, 2006, to file a federal habeas corpus petition. This petition, however, was not filed until August 7, 2007. His state habeas corpus actions, initiated after the deadline had passed, were not proper post-conviction proceedings, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

**ACCORDINGLY,** the respondent's motion to dismiss time-barred petition [Docket #10] is GRANTED, and this action is, in all respects, DISMISSED. Petitioner's pending motion to advance cause and compel court to issue order [Docket #14] is DENIED as moot.

3

IT IS SO ORDERED this 4th day of April 2008.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE